UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES WILLIAMS** | **CIVIL ACTION NO.:** |
| vs. | |
| **CONTRANS FLATBED GROUP GP, INC.** | **JUDGE:** |
| **DYLAN MARRIOTT, AND CHUBB** | |
| **INSURANCE COMPANY OF CANADA** | **MAGISTRATE JUDGE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Contrans Flatbed Group GP, Inc., Dylan Marriott, and Chubb Insurance Company of Canada (collectively referenced as "Defendants"), who respectfully remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1446. In support of this Notice of Removal, Defendants aver:

**I.   The State Court Action**

1. Defendants are named defendants in a civil lawsuit filed in the Civil District Court for the Parish of Orleans, State of Louisiana, titled *Charles Williams v. Contrans Flatbed Group GP, Inc., et al.*, bearing the suit number 18-11620 and pending in Division C-10 of that Court (the "State Court Action").[1]

---

[1] The entire suit record, as of the date of removal, including Plaintiff's Petition for Damages, is attached hereto as **Exhibit 1.**

2. Plaintiff, Charles Williams ("Plaintiff"), requested service on Defendants in his Petition for Damages, which he filed on November 19, 2018.[2]

3. There is no evidence in the State Court Action record evidencing service of process on any Defendant.[3]

4. On January 14, 2019, according to the Orleans Parish Sheriff's Office online database, Chubb Insurance Company of Canada ("Chubb Canada") was served with Citation and the Petition for Damages via the Louisiana Secretary of State.[4] However, Chubb Canada did not actually receive Citation and the Petition until February 21, 2019.

5. On March 4, 2019, Contrans Flatbed Group GP, Inc. ("Contrans") was served with Citation and the Petition for Damages through the Canadian Ministry of the Attorney General. Plaintiff has not filed the required Affidavit of Service in the State Court Action record.[5]

6. There is no evidence that Dylan Marriot ("Mr. Marriott") has been served with Citation and the Petition for Damages.[6] However, Adams and Reese LLP and undersigned are representing Mr. Marriott, and he joins this removal.

II. **Removal Is Timely Under 28 U.S.C. § 1446 and This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1441 and 28 U.S.C. § 1332.**

7. With the exception of Mr. Marriott, who has not yet been served, this matter is being removed within 30 days of each Contrans' and Chubb Canada's actual receipt of Citation and the Plaintiffs' Petition for Damages. *See* 28 U.S.C. § 1446(b)(2)(B) ("[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial

---

[2] *See* Plaintiff's Petition for Damages, contained in **Exhibit 1.**
[3] *See* State Court Action Record, **Exhibit 1.**
[4] *Id.*
[5] *Id.*
[6] *Id.*

pleading or summons . . . to file the notice of removal."); *see also, e.g, Crescent City Holdings, LLC v. Scottsdale Ins. Co*., 2008 U.S. Dist. LEXIS 23386, *4, 2008 WL 783592 (E.D. La. 3/25/08) (holding that insurance company's 30-day clock to remove is from actual receipt); *Gordon v. Bancorpsouth Ins. Servs*., 2017 U.S. Dist. LEXIS 77323, *8 (M.D. La. 3/27/17) (same holding as *Crescent City Holdings*) (internal citations omitted).

8. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and it is apparent from the face of the Plaintiffs' Petition for Damages that damages will exceed $75,000.00, exclusive of interest and costs. Further, even if it is not apparent from the face of the Petition that damages exceed the jurisdictional threshold, the Petition and facts provided herein make it likely that damages will exceed $75,000.00. Thus, this action may be removed to this Court under 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446.

9. The forum state is Louisiana. Plaintiff alleges that he is a domicile of Louisiana.[7]

10. For the purposes of determining citizenship for diversity purposes, a corporation is deemed domiciled of both the state of incorporation and the location of its principal place of business. 28 U.S.C. § 1332(c)(1). An insurance corporation is deemed a citizen of the state in which it is incorporated, the state of its principal place of business, and the state of its insured. 28 U.S.C. § 1332(c)(1).

11. Mr. Marriott was at the time of the filing of the Petition for Damages, and still is, a domicile of Halifax, Nova Scotia, Candada. Indeed, Plaintiff even alleges this fact.

---

[7] *See* Plaintiff's Petition for Damages, contained in **Exhibit 1.**

12. Constans was at the time of the filing of the Petition for Damages, and still is, is a Canadian corporation, with its principal place of business in Hagarsville, Ontario, Canada. Therefore, it is a Canadian domicile. Indeed, Plaintiff even alleges this fact.

13. Chubb Canada is a Canadian corporation, with its principal place of business in Woodstock, Ontario, Canada. Therefore, it is a Canadian domicile, which also takes the domicile of the insureds, which are also Canadian domiciles.

14. Louisiana law does not permit plaintiffs to specifically plead an amount in controversy in a Petition for Damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (citing Louisiana Code of Civil Procedure article 893, which explicitly precludes alleging an amount in controversy, but **requires** plaintiffs to provide whether a federal amount in controversy is satisfied).[8] Here, removal is proper under § 1332 because it is apparent from the face of Plaintiff's Petition for Damages that the amount in controversy, exclusive of interest and costs, exceeds this Court's $75,000.00 jurisdictional amount. *Id*. In addition to the facts stated in the Petition, Defendants have provided sufficient facts and evidence in this Notice of Removal that make it likely that Plaintiff's claims exceed the jurisdictional requirement, putting the burden on Plaintiff to establish to a "legal certainty" that his alleged damages will not exceed $75,000.00. *Id*. at 883-84; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

15. Plaintiff alleges that, as a result of Mr. Marriott's negligence in driving a large, tractor-trailer on Interstate 610 West, the vehicle in which he was a passenger was struck after Mr. Marriott allegedly changed multiple lanes.[9] He alleges that this incident occurred on

---

[8] The fact that Plaintiff did not abide by Louisiana's pleading rules is a factor weighing in favor of the jurisdictional amount being met.
[9] *See* Plaintiff's Petition for Damages, contained in **Exhibit 1.**

February 24, 2018.[10] Because of this allegedly-violent auto accident, Plaintiff alleges that he injured his "neck, back, wrist, head, and other parts of his body."[11] Because the event occurred on February 24, 2018, Plaintiff's alleged damages have accrued for over 1 year and is continuing to suffer these alleged injuries.

16. Prior to suit, Mr. Williams reported that he had not returned to work as a barber because he experiences pain in his back when bending and standing. He reported that he has been unable to work since the accident. Mr. Williams also reported that he was receiving physical therapy twice per week, as well as was seeing a chiropractor.

17. On March 14, 2019, Mr. Williams' attorney reported that Dr. Jolly at Louisiana Pain Specialists recommended a bilateral L3-L5 radiofrequency ablation. Mr. Williams is currently arranging this procedure. Further, his counsel reported that an MRI revealed a disc herniation, with an annular tear. Finally, his counsel reported that Mr. Williams has expended $31,318.00 in medical expenses.

18. On March 14, 2019, undersigned requested that Plaintiff stipulate that his claim is less than $75,000.00 and forego damages in excess of $75,000.00, in order to obviate removal. Plaintiff declined.[12]

19. Defendants are not liable for any of Plaintiff's alleged injuries. Defendants further aver that Plaintiff is not entitled to any damages, much less damages in excess of $75,000.00. However, Louisiana jurisprudence establishes that an accumulation of general damages for the injuries Plaintiff alleges – *i.e.* $31,318.00 in medical expenses; potential of $53,000.00 in lost wages; and herniated disc, with a recommended radiofrequency

---

[10] *Id.*
[11] *Id.*
[12] Refusal to stipulate that damages are below $75,000.00 weighs in favor of finding the jurisdictional amount threshold is satisfied.

ablation – exceed $75,000.00. Therefore, even though Defendants reserve the right to contest quantum of damages, that have made the requisite showing that Plaintiff's claim exceeds this Court's jurisdictional threshold.

### III.    Defendants Satisfy The Procedural Requirements for Removal.

20. Defendants file this Notice of Removal within 30 days of Contrans and Chubb Canada's actual receipt of Citation and Service of Plaintiff's Petition for Damages – the first pleading instituted against them – and within the 1 year period set forth in 28 U.S.C. § 1446(c). *Gore v. Robertson*, 2015 WL 5749459 (M.D. La. 9/30/15); 28 U.S.C. § 1446(b)(2)(B) ("[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal."). Defendants also file this Notice of Removal even before Mr. Marriott has been served with Citation and the Petition.

21. Defendants file this Notice of Removal without waiving any objections, exceptions, and defenses to Plaintiff's Petition for Damages.

22. This Court embraces the Civil District Court for the Parish of Orleans, the locality from which this case is being removed. Thus, this Court is the proper forum for this action under 28 U.S.C. § 1441(a).

23. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the Clerk of the Civil District Court for the Parish of Orleans.[13]

24. At this time, undersigned, and their law firm of Adams and Reese LLP, represent all Defendants in this matter.

---

[13] *See* Notice of Filing Notice of Removal, attached hereto as **Exhibit 2**.

25. Defendants file and present herewith the sum of $400 to the Clerk of the United States District Court for the Eastern District of Louisiana to satisfy the civil filing fee required by this Court.

26. Along with this Notice of Removal, and in accordance with 28 U.S.C. § 1446(a), Defendants file a copy of the entire suit record of the State Court Action as of the date of this removal, including all process, pleadings, and orders served upon each defendant, which is attached hereto as **Exhibit 1.**

27. If any question rises regarding the propriety of removal, Defendants respectfully request that they are afforded the opportunity to present a brief and/or oral argument in support of removal. Further, Defendants respectfully request the opportunity to conduct limited, jurisdictional discovery, should the Court question this removal, prior to any remand.

**WHEREFORE**, Defendants remove this action, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, from the Civil District Court for the Parish of Orleans, to this Court, this the 19th day of March 2019.

Respectfully Submitted,

**ADAMS AND REESE LLP**

   */s/ William K. Wright IV*
**Christopher A. D'Amour (LBR# 26252)**
**William K. Wright IV (LBR# 36736)**
Hancock Whitney Center
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:    (504) 585-0432
Facsimile:    (504) 566-0210
chris.d'amour@arlaw.com
billy.wright@arlaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on all counsel of record by electronic mail, facsimile, Federal Express, hand delivery, and/or by placing the same in the United States mail, properly addressed, and first class postage prepaid, this 19th day of March 2019:

                 */s/William K. Wright IV*
                 **William K. Wright IV**